UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHRAF M. MASOUD, <br><br> Plaintiff, <br><br> v. <br><br> MOHAMMAD SULIMAN, *et al.*, <br><br> Defendants. | Civil Action No. 10-0994 (BAH) |

## MEMORANDUM OPINION

This case involves a scrap metal deal gone wrong. The plaintiff, Ashraf M. Masoud, brought this suit against the defendants – Mohammad Suliman and his Azerbaijani company, Dar-Al Tanmiyah – alleging claims of breach of contract, fraud, misrepresentation, and unjust enrichment stemming from their scrap metal business dealings. The defendants failed to respond to the Complaint in a timely fashion and the Clerk of the Court entered default against the defendants. The defendants have now appeared in this case and have moved to vacate entry of default and to dismiss the Complaint. The Court, however, must dismiss this Complaint *sua sponte* for lack of subject matter jurisdiction.

### I. BACKGROUND

Plaintiff Masoud, a resident of Virginia, alleges that, in December 2006, defendant Suliman, who is also a resident of Virginia, approached him with a business proposition. *See* Compl. ¶ 1, 2, 5. Defendant Suliman allegedly told the plaintiff that he had a "willing and ready" buyer of large amounts of scrap metal. *See id* ¶ 9. The defendant allegedly stated that if the plaintiff invested $372,000 in the defendant's Azerbaijani company, Dar-Al Tanmiyah, they would use that investment to buy scrap metal and resell it to the willing buyer at a profit. *See id.*

¶ 5. There was just one problem, according to the plaintiff: The whole deal was a fraud concocted by the defendants. *See id.* ¶¶ 13, 15.

In furtherance of this fraud, the plaintiff alleges that Suliman brought him to the Azerbaijani embassy and showed him what appeared to be a certificate of good standing from the government of Azerbaijan. *See id.* ¶¶ 7-8. Suliman also purportedly set up phone calls with phony buyers to give the plaintiff the impression that he would see a healthy return on any investment in the defendant's company. *See id.* ¶ 7. Relying on these alleged misrepresentations, the plaintiff provided the defendants with $372,000 for the purpose of purchasing scrap metal to resell at a profit. Instead of purchasing the scrap metal, as was discussed, the plaintiff alleges that the defendant kept the money with no intention of repaying him. *See id.* ¶ 9.

Based on these allegations, the plaintiff filed a Complaint in this Court on June 15, 2010 asserting four claims: breach of contract, fraud, misrepresentation, and unjust enrichment. *Id.* ¶¶ 19-38. The defendants failed to respond to the Complaint in a timely manner and, on June 30, 2011, the Clerk of the Court entered default against the defendants. On August 18, 2011, the defendants filed a motion requesting that the Court set aside the default and dismiss all claims against them. The defendants' motion to vacate default and to dismiss the Complaint is presently before the Court. Upon examination of the record, however, the Court finds that it does not have subject matter jurisdiction over the plaintiff's claims and therefore must dismiss this case.

II. **STANDARD OF REVIEW**

While neither party presents the issue, a court must dismiss a case when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Jerez v. Republic of*

*Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011) ("[S]ubject matter jurisdiction may be raised at any time, even by the court *sua sponte*."); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 62 (D.D.C. 2007). "Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. U.S. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). It is well established that, in assessing subject matter jurisdiction, a court must construe the allegations in the Complaint liberally but "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006); *see also Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987). The Court must be assured that it is acting within the scope of its jurisdictional authority and therefore must give the plaintiffs' factual allegations closer scrutiny in assessing subject matter jurisdiction than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Westberg v. FDIC*, 759 F. Supp. 2d 38, 41 n. 1 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)); *Dubois v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 91855, at *5 (D.D.C. Sept. 2, 2010) (citing *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp.2d 9, 13-14 (D.D.C. 2001)); *Hoffman v. District of Columbia*, 643 F. Supp. 2d 132, 135 (D.D.C. 2009). In evaluating subject matter jurisdiction, the Court, when necessary, may look outside the Complaint to "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir.1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Alliance for Democracy v. FEC*, 362 F.Supp.2d 138, 142 (D.D.C. 2005) ("[I]n deciding a Rule 12(b)(1) motion, it is well established

in this Circuit that a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings. . .").

### III. DISCUSSION

The Complaint in this case does not provide a basis for subject matter jurisdiction in this Court. The Complaint purports to invoke federal question jurisdiction by generally referencing fourteen separate federal criminal statutes. *See* Compl. ¶ 4 ("[T]he case arises from a violation of federal law or question [sic], and pendent state law claims."); *id.* (citing federal criminal statutes, including 18 U.S.C § 659 (theft from interstate carrier), 18 U.S.C § 1832 (theft of trade secrets), 18 U.S.C. § 641 (theft of federal property), and 18 U.S.C. § 1001 (false statements on a matter within the jurisdiction of a branch of the federal government)). These criminal statutes, however, do not and cannot provide the basis for the plaintiff's civil causes of action. *See Leggett v. Powers*, No. 09-558, 2009 WL 4032664, at *1 (D.D.C. Nov. 20, 2009) ("Plaintiff's harassment claim against [the defendant] does not present a federal question under [28 U.S.C.] § 1331, and he cannot bring a private right of action based on defendant's alleged criminal behavior."); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (finding that "plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action.").

Furthermore, the Complaint's four enumerated counts do not purport to invoke any federal statutes. Rather, the Complaint on its face has asserted four common law claims for breach of contract, fraud, misrepresentation, and unjust enrichment. *See* Compl. ¶¶ 19-38. None of these causes of action purport to present a claim for relief under federal law. Accordingly, the plaintiff's invocation of federal question jurisdiction pursuant to 28 U.S.C. § 1331 is misplaced.

Finally, the Complaint does not invoke federal jurisdiction based on diversity of citizenship. To the contrary, the Complaint alleges that both the plaintiff and defendant Suliman are residents of the Commonwealth of Virginia. *See id.* ¶¶ 1-2. Accordingly, diversity jurisdiction pursuant to 28 U.S.C § 1332 is also lacking.

The plaintiff bears the burden of demonstrating subject matter jurisdiction, *Am. Farm Bureau*, 121 F. Supp.2d at 90, and has not done so. Since this Court is without subject matter jurisdiction to consider the claims alleged in this case, the Court must dismiss this action.

### IV. CONCLUSION

For the reasons stated above, this action is dismissed for lack of subject matter jurisdiction and the defendants' pending motion is denied as moot.[1] An Order consistent with this Memorandum Opinion will be entered.

**DATED: October 6, 2011**  /s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[1] The apparent basis for the defendants' handwritten motion to dismiss was that the claims underlying this action have already been adjudicated in a lawsuit in state court in Virginia. *See* Defs.' Mot. to Dismiss and to Set Aside Default. The plaintiff appears to concede that fact, but still argues that this Court should not vacate the default and should deny the motion to dismiss. *See* Pl.'s Opp'n to Defs.' Mot. to Dismiss and to Set Aside Default. The Court does not reach these issues given the evident lack of subject matter jurisdiction.